Howard Kleinhendler (HK 5712)
David Yeger (DY 1393)
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROOKLYN COMMUNITY MANAGEMENT LLC, GROSS CARE INC. and SUMNER PLACE LLC, d/b/a SUMNER HEALTH PROVIDERS,<br><br>      Plaintiffs,<br><br>    - against -<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, JOEL I. KLEIN as CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, AVA J. MOPPER as DIRECTOR OF THE OFFICE OF RELATED AND CONTRACTUAL SERVICES OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID N. ROSS as EXECUTIVE DIRECTOR OF THE DIVISION OF CONTRACTS AND PURCHASING OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, THOMAS R. FRIEDEN, M.D. as COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK STATE EDUCATION DEPARTMENT, RICHARD P. MILLS as COMMISSIONER OF THE NEW YORK STATE EDUCATION DEPARTMENT, NEW YORK STATE DEPARTMENT OF HEALTH, RICHARD F. DAINES, M.D. as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH,<br><br>      Defendants. | Civ. A. No.<br><br><br><br><br><br>**ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AND TEMPORARY <u>RESTRAINING ORDER</u>** |

On reading and filing the Declaration of George Lebovits, dated January 8, 2008, together with all of the exhibits annexed thereto, the Verified Complaint dated January 8, 2008,

and the accompanying memorandum of law, let defendants NEW YORK CITY DEPARTMENT OF EDUCATION, JOEL I. KLEIN as CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, AVA J. MOPPER as DIRECTOR OF THE OFFICE OF RELATED AND CONTRACTUAL SERVICES OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID N. ROSS as EXECUTIVE DIRECTOR OF THE DIVISION OF CONTRACTS AND PURCHASING OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, THOMAS R. FRIEDEN, M.D. as COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK STATE EDUCATION DEPARTMENT, RICHARD P. MILLS as COMMISSIONER OF THE NEW YORK STATE EDUCATION DEPARTMENT, NEW YORK STATE DEPARTMENT OF HEALTH, and RICHARD F. DAINES, M.D. as COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH, show cause before this Court in Courtroom ___ of the United States Courthouse, located at 500 Pearl Street, New York, New York 10007, on January __, 2008, at _____a.m. or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued against these defendants pursuant to 20 U.S.C. § 1415(j) and Federal Rule of Civil Procedure 65 (i) requiring defendants to timely reimburse plaintiffs for special education and related services presently being provided by the plaintiffs to 893 New York City handicapped children pursuant to certain contracts with defendant New York City Department of Education; and (ii) prohibiting defendants from disqualifying plaintiffs from providing such services during the pendency of this proceeding;

    AND it appearing that defendants' conduct threatens the availability of certain federally mandated special education services for disabled children in New York City; it is

ORDERED, that pending the hearing and decision of this motion, (i) defendants are hereby restrained and prohibited from disqualifying plaintiffs from providing special education and related services to New York City handicapped children pursuant to various contracts with defendant New York City Department of Education ("DOE"); and (ii) defendants shall reimburse plaintiffs in a timely manner for the aforementioned services which plaintiffs are providing in accordance with the terms of their various contracts with the DOE; and it is further

ORDERED, that the plaintiffs' undertaking be and the same hereby is fixed in the sum of $_____ conditioned that the plaintiffs, if it is finally determined that they were not entitled to a temporary restraining order, will pay to the defendants, all damages and costs which may be sustained by reason thereof, and it is further

ORDERED, that service of a copy of this order and the papers upon which it is based and the undertaking herein, be made on or before the _____ day of January, 2008, by serving copies thereof on the defendants via _____, at defendants' place of business, and that said service be deemed sufficient, and it is further

ORDERED, that answering papers, if any shall be served via _____ upon plaintiffs' counsel on or before January \_\_, 2008, with simultaneous delivery of courtesy copy to Chambers by hand, and reply papers, if any, shall be served via _____ on or before January \_\_, 2008, with simultaneous delivery of courtesy copies to Chambers by hand.

ISSUED AT:

January \_\_\_, 2008

_____
United States District Judge