UNITED STATES DISTRICT COURT                          **-CORRECTED APPENDIX-**
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BROOKLYN COMMUNITY MANAGEMENT LLC,       :
GROSS HEALTH CARE INC and SUMNER PLACE   :
LLC, d/b/a SUMNER HEALTH CARE PROVIDERS, :
                                         :
                        Plaintiffs,      :
                                         :
            -against-                    :      08 Civ. 00168 (BSJ)(HBP)
                                         :
NEW YORK CITY DEPARTMENT OF EDUCATION,   :
JOEL I. KLEIN as CHANCELLOR OF THE NEW YORK :
CITY DEPARTMENT OF EDUCATION, AVA J.     :
MOPPER as DIRECTOR OF THE OFFICE OF RELATED:
AND CONTRACTUAL SERVICES OF THE NEW      :
YORK CITY DEPARTMENT OF EDUCATION, DAVID :
N. ROSS as EXECUTIVE DIRECTOR OF THE     :
DIVISION OF CONTRACTS AND PURCHASING OF  :
THE NEW YORK CITY DEPARTMENT OF          :
EDUCATION, NEW YORK CITY DEPARTMENT OF   :
HEALTH AND MENTAL HYGIENE, NEW YORK      :
STATE EDUCATION DEPARTMENT, RICHARD P.   :
MILLS as COMMISSIONER OF THE NEW YORK    :
STATE EDUCATION DEPARTMENT, NEW YORK     :
STATE DEPARTMENT OF HEALTH, RICHARD F.   :
DAINES, M.D. as COMMISSIONER OF THE NEW  :
YORK STATE DEPARTMENT OF HEALTH,         :
                                         :
                        Defendants.      :
-----------------------------------------------------------------X

## NEW YORK STATE DEFENDANTS' MEMORANDUM OF LAW
## OPPOSING THE PRELIMINARY INJUNCTION

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for the State Defendants
120 Broadway
New York, New York 10271
(212) 416-8634

CLEMENT J. COLUCCI
Assistant Attorney General
of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BROOKLYN COMMUNITY MANAGEMENT LLC,      :
GROSS HEALTH CARE INC and SUMNER PLACE   :
LLC, d/b/a SUMNER HEALTH CARE PROVIDERS,  :
                                        :
                    Plaintiffs,          :
                                        :
        -against-                        :        08 Civ. 00168 (BSJ)(HBP)
                                        :
NEW YORK CITY DEPARTMENT OF EDUCATION,   :
JOEL I. KLEIN as CHANCELLOR OF THE NEW YORK :
CITY DEPARTMENT OF EDUCATION, AVA J.     :
MOPPER as DIRECTOR OF THE OFFICE OF RELATED:
AND CONTRACTUAL SERVICES OF THE NEW      :
YORK CITY DEPARTMENT OF EDUCATION, DAVID  :
N. ROSS as EXECUTIVE DIRECTOR OF THE     :
DIVISION OF CONTRACTS AND PURCHASING OF  :
THE NEW YORK CITY DEPARTMENT OF          :
EDUCATION, NEW YORK CITY DEPARTMENT OF   :
HEALTH AND MENTAL HYGIENE, NEW YORK      :
STATE EDUCATION DEPARTMENT, RICHARD P.   :
MILLS as COMMISSIONER OF THE NEW YORK    :
STATE EDUCATION DEPARTMENT, NEW YORK     :
STATE DEPARTMENT OF HEALTH, RICHARD F.   :
DAINES, M.D. as COMMISSIONER OF THE NEW  :
YORK STATE DEPARTMENT OF HEALTH,         :
                                        :
                    Defendants.          :
-----------------------------------------------------------------------X

### NEW YORK STATE DEFENDANTS' MEMORANDUM OF LAW
### OPPOSING THE PRELIMINARY INJUNCTION

Defendants the New York State Education Department ("SED"); its Commissioner,

Richard P. Mills; the New York State Department of Health ("DOH"); and its Commissioner,

Richard F. Daines (collectively the "State Defendants") submit this memorandum and the

accompanying Declaration of Thomas Hamel in opposition to plaintiffs' application, by order to

1

show cause, for a preliminary injunction. No preliminary injunction should issue against the
State Defendants because, on plaintiffs' own showing, no State Defendants has done, or is doing,
or is threatening to do any act at all, let alone an act likely to cause irreparable harm, or for which
plaintiffs might ultimately be entitled to relief. Indeed, it does not even appear that plaintiffs
have any current dispute with, or want any relief that might be provided by, the State Defendants.
Moreover, plaintiffs lack standing to pursue their claims under the Individuals with Disabilities
Education Act ("IDEA"), 20 U.S.C. § 1400, et seq..

Taking the allegations of the verified complaint as true, plaintiffs have a dispute with the
New York City Department of Education ("DOE") and various of its officers and agents
(collectively the "DOE Defendants"). The State Defendants will not, except incidentally, address
the merits of that dispute with the DOE Defendants, or whether plaintiffs seek the right legal
remedy in the right forum to resolve it. But whatever their claims against the DOE Defendants
may be, plaintiffs do not allege any specific action of any State Defendant to which they object.
Indeed, plaintiffs barely mention the State Defendants.

## FACTS

### A.     The Underlying Dispute

According to the complaint, plaintiffs are private entities, all managed by George
Liebovits, providing special education services to children with disabilities in New York City
under contracts with the DOE or through Related Services Agreements ("RSAs") between DOE,
the parent of a child with disabilities, and a therapist, who is typically affiliated with a provider,
such as any of plaintiffs. (Complaint, ¶¶ 27-30; 33-34)

In November, 2006, the DOE began investigating billing practices relating to a particular

2

student who formerly received services from plaintiff Brooklyn Community Management LLC

("BCM"). (Cplt., ¶¶ 36-41) In July, 2007, DOE's Special Commissioner for Education issued a

report recommending that BCM no longer be allowed to provide special education services. (Id.,

¶ 43) Shortly thereafter, Mr. Liebovits became embroiled in a dispute over back taxes with the

Internal Revenue Service ("IRS"). (Id., ¶ 49) On December 11, 2007, DOE advised BCM that it

had determined to disqualify BCM and any of its affiliated entities from doing business with

DOE. (Id., ¶ 50) BCM has since referred students under its care to the other plaintiff entities,

Gross Health Care Inc. and Sumner Place LLC, but DOE has declined to pay any invoices from

those entities related to those students. (Id., ¶¶ 52-53) Plaintiffs are under increasing financial

pressure as a result. (Id., ¶ 53)

## B.    The Complaint

Plaintiffs' 20-page, 81-paragraph complaint asserts three claims for relief: (1) a claim

under the IDEA ; (2) a procedural and substantive due process claim, presumably based upon 42

U.S.C. § 1983: and (3) a takings claim explicitly based upon § 1983. Because the second of

these claims is clearly and explicitly directed only to the DOE Defendants, and not to the State

Defendants, (Cplt., ¶¶ 69-73), the State Defendants will not discuss it further. But the first claim

(Cplt., ¶¶ 61-68) is, and the third claim (Cplt., ¶¶ 74-81) may be, directed to all defendants.

Although plaintiffs name the State Defendants as parties, the complaint specifically refers

to them only in paragraphs 18-21, and there only to identify them. Nowhere in the 37 paragraphs

containing the factual allegations upon which plaintiffs base their lawsuit are the State

Defendants ever mentioned. (Cplt., ¶¶ 24-60) Although 26 of those 37 paragraphs[1] refer

---

[1]      See Cplt., ¶¶ 30, 32-36, 38, 40-53, 55-59.

3

specifically to particular acts of the DOE Defendants, no particular act is attributed to any State

Defendant. (Id.) Only in the final factual paragraph, stating generically that "[i]t would be futile

to attempt to further pursue this matter with the defendants" based upon this alleged history of

actions by the DOE Defendants, do plaintiffs even refer to "defendants" in general, as opposed to

the DOE Defendants specifically. (Cplt., ¶ 60) In short, every specific factual allegation of

wrongdoing is explicitly tied to the DOE Defendants, and no one else.

## C.    The Supporting Papers

In support of the application for a preliminary injunction, plaintiffs submit the declaration

of their manager, George Liebovits, and 10 exhibits. The Liebovits declaration is nowhere

materially different from, and is largely word-for-word identical to, the factual allegations

contained in paragraphs 24 through 60 of the complaint. Like the complaint, it makes no specific

reference to the State Defendants and describes no action taking specifically by any State

Defendant. None of the accompanying exhibits is a document to, from, or concerning any State

Defendant.

The memorandum of law likewise reiterates, often verbatim, language from the complaint

or the Liebovits declaration. See Plaintiffs' Brief, pp. 2-4. Like the complaint and the Liebovits

declaration, the memorandum describes with great specificity acts of the DOE Defendants to

which plaintiffs object, but says nothing about the State Defendants. Id.

## D.    The State Defendants' Roles

Moreover, not only do plaintiff's fail to allege that any State Defendant bore any

responsibility for the decisions about which they complain, in fact the State Defendants do not

have any responsibility for them. As far as DOH and Commissioner Daines are concerned, the

4

only role they have in the provision of services to disabled children is their responsibility to develop and implement an "early intervention program" for finding disabled children and seeing that appropriate developmental services are provided. See New York Public Health Law ("PHL") §§ 2540, 2541(7). Early intervention services, however, are available only to an "eligible child," that is, "an infant or toddler from birth through age two who has a disability." PHL § 2541(8)(a). Nothing in the complaint suggests that plaintiffs are providing early intervention services to children under the age of three. Therefore, DOH and Commissioner Daine cannot have any responsibility for the decisions about which plaintiffs complain..

As for SED and Commissioner Mills, the accompanying declaration of Thomas Hamel, Bureau Chief of SED's Rate-Setting Unit, shows that SED has no role at all in selecting, approving, contracting with, or reimbursing private providers of related services for either school-aged or pre-school students.[2] (Declaration of Thomas Hamel, ¶¶ 3-6) Neither SED nor Commissioner Mills would, therefore, have any involvement in a dispute between a private related services provider and a local educational agency over such issues.

**E.    The Preliminary Injunction**

Plaintiffs seek a preliminary injunction: "(i) requiring defendants to timely reimburse plaintiffs for special education and related services presently being provided by plaintiffs . . . pursuant to certain contracts with defendant New York City Department of Education; and (ii) prohibiting defendants from disqualifying plaintiffs from providing such services during the pendency of this proceeding." (Order to Show Cause, p. 2)

---

[2]    For pre-school, but not for school-aged students, SED does review and approve the rates at which local educational agencies pay private providers of related services. (Hamel Decl., ¶¶ 4, 6)

## ARGUMENT

To secure a preliminary injunction, the moving party must ordinarily demonstrate: (1)

irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious

questions going to the merits of the case to make it a fair ground for litigation, and a balance of

hardships tipping decidedly in its favor. MONY Group, Inc. v. Highfields Capital Management,

L.P., 368 F.3d 138, 143 (2d Cir. 2004). A party moving for a mandatory injunction that alters the

status quo by commanding a positive act, however, must meet a higher standard. Tom Doherty

Associates, Inc. v. Saban Entertainment Inc., 60 F.3d 27, 33-34 (2d Cir, 1995). In addition to

showing irreparable harm, the moving party "must make a clear or substantial showing of

likelihood of success" on the merits, Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996),

particularly when a preliminary injunction is sought against the government. Mastrovincenzo v.

City of New York, 435 F.3d 78, 89 (2d Cir. 2006). See also D.D. v. New York City Board of

Education, 465 F.3d 503, 510 (2d Cir. 2006).[3] Under either standard, plaintiffs' application for a

preliminary injunction, insofar as it is directed to the State Defendants, must be denied.

Insofar as any IDEA-based claims against the State Defendants are concerned, plaintiffs

have no likelihood of success on the merits because they lack standing to litigate the merits.

Moreover, plaintiffs are not entitled to preliminary injunctive relief against the State Defendants

because they make no allegations against the State Defendants, the State Defendants are not, in

fact, involved in the decisions complained of, and complete relief can be had, if warranted,

without them.

---

[3]      Insofar as plaintiffs suggest that they need not meet the ordinary standards for
preliminary injunctive relief, see Point III, infra.

6

## POINT I

### PLAINTIFFS, AS SERVICE PROVIDERS, LACK STANDING TO SUE UNDER THE IDEA FOR FAILURE TO PROVIDE A FREE AND APPROPRIATE PUBLIC EDUCATION TO DISABLED CHILDREN

The IDEA requires states "to ensure that all children have available to them a free appropriate public education that emphasizes special education and related services." 20 U.S.C. § 1400(d)(1)(A). In order to "ensure that the rights of children with disabilities and parents of such children are protected," Id., § 1400(d)(1)(B)(emphasis added), the IDEA requires states "to establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education." Id., § 1415(a) See also § 1412(a)(6)(A) (states eligible for federal financial assistant if, inter alia, "children with disabilities and their parents are afforded the procedural safeguards required by section 1415 of this title")(emphasis added). The IDEA further protects the rights of "children with disabilities and their parents" to a free and appropriate public education by allowing a "party aggrieved" by the results of an administrative determination concerning a free and appropriate public education to challenge the determination in a state court of competent jurisdiction or a federal district court. Id., § 1415(i)(2)(A).[4]

Under the plain language of the IDEA, the civil action provided by 20 U.S.C. § 1415(i)(2) exists to protect the rights of "children with disabilities and their parents" to a free and appropriate public education. It does not exist to protect the rights of service providers to be paid

---

[4]       As the language of § 1415(i)(2)(A) suggests, the provision gives a court jurisdiction to hear complaints from aggrieved parties "challenging an impartial due process hearing." Bay Shore Union Free School District v. Kain, 485 F.3d 730, 736 (2d Cir. 2007). Because plaintiffs are not "challenging an impartial due process hearing," their claim can be dismissed on that ground.

7

for services rendered, or to obtain contracts to provide services for which they can be paid.

Plaintiffs' real grievances are that they are not being paid for services already rendered and may

lose contracts to provide future services. A lawsuit based upon those grievances must be brought

under different laws, and in different courts.

Plaintiff seeks to avoid this conclusion by styling their action not as one for money and

contracts, but as one to ensure that the children they now serve receive a free and appropriate

public education. (Pl. Brf., p. 5) As this Court, among others, has held, however, service

providers lack standing to litigate the rights of disabled children and their parents to a free and

appropriate public education. See Mamot v. New York State Board of Regents, et al., 01 Civ.

0205 (BSJ)(S.D.N.Y. January 15, 2002)(speech pathologist lacked standing to bring an IDEA

claim on behalf of third-party children allegedly deprived of a free and appropriate public

education when he was prevented from practicing his profession)(attached as an appendix to this

memorandum). See also County of Westchester v. State of New York, 263 F.3d 150, 151-52 (2d

Cir. 2002)("intermediaries" lack standing to bring a private lawsuit to enforce substantive

provisions of IDEA); Piedmont Behavioral Health Center, LLC v. Stewart, 413 F. Supp.2d 746,

754 (D.W. Va. 2006)("Sections 1412 and 1415 ensure that procedural safeguards exist for

'children with disabilities and their parents,' not for entities with a vested financial interest in

IDEA proceedings"); Ryan v. Shawnee Mission U.S.D. 512, 416 F. Supp.2d 1090, 1098 (D. Kan.

2006)(terminated therapist supervisor suing under the IDEA lacked standing "to vindicate the

rights of those who are covered by the statute").

To support their claim of standing, plaintiffs rely on Brooklyn School for Special

Children v. Crew, 1997 U.S. Dist. LEXIS 12974 (S.D.N.Y. 1997). (Pl. Brf., pp. 5-6) But

8

Brooklyn School for Special Services was decided five years before County of Westchester, and

cannot be reconciled with it. The weight of authority and sound argument, therefore, support this

Court's decision in Mamot. Plaintiffs lack standing to bring their claims under the IDEA.

## POINT II

### NO INJUNCTION SHOULD ISSUE AGAINST THE STATE DEFENDANTS BECAUSE THEY TOOK NO ADVERSE ACTION AGAINST PLAINTIFF AND BECAUSE COMPLETE RELIEF CAN BE AFFORDED BY AN ORDER DIRECTED TO THE DOE DEFENDANTS

Whether plaintiffs seek preliminary or permanent relief under the IDEA, (Cplt., First

Claim for Relief), or the Takings Clause, (Id., Third Claim for Relief), they are not entitled to it

from the State Defendants because the State Defendants were not involved in any of the acts that

plaintiff claims violated their rights, and because complete relief can be had without the presence

of the State Defendants in the action. The preliminary, as well as permanent, injunctive relief

plaintiffs seek is an order that the DOE Defendants reimburse plaintiffs for services already

rendered and that the DOE Defendants retain plaintiffs as qualified providers of special education

services. See Cplt., "Wherefore" clause; Order to Show Cause, p. 2. Plaintiffs seek nothing

from the State Defendants. Given the relief plaintiffs seek, no injunction should issue against the

State Defendants. Indeed, at an appropriate time, they should be dismissed from the action.

No injunction will issue against anyone unless plaintiffs can make a showing of

wrongdoing by the DOE Defendants. The DOE Defendants would then be required to give

plaintiffs the relief they seek. If plaintiffs succeed in obtaining an injunction against the DOE

defendants, an injunction against the against the State Defendants would be superfluous because

the injunction against the DOE Defendants would give plaintiff complete relief. Adrian R. v.

9

New York City Board of Education, 2001 U.S. Dist. LEXIS 15616 at *3 (S.D.N.Y. 2001)(State

defendants dismissed in IDEA case where the requested relief would come from the City

defendants); King v. Pine Plains Central School District, 918 F. Supp. 772, 783 (S.D.N.Y.

1998)("SED is not implicated in plaintiffs' request for preliminary relief, and plaintiffs' motion

is denied to the extent that it seeks a preliminary injunction against SED."). See also Moubry v.

Kreb, 58 F. Supp.2d 1041, 1048-50 (D. Minn. 1999)(state education officials dismissed where

full relief could be afforded by an order to the local educational authorities). That the State

Defendants, or some of them, have general supervisory power is an insufficient basis to name the

State Defendants as parties unless some specific wrong can be attributed to them or some relief

sought requires their presence in the action. Yamen v. Board of Education of the Arlington

Central School District, 909 F. Supp. 207, 210-11 (S.D.N.Y. 1996)(IDEA claims against SED

dismissed where plaintiffs failed to allege any act or omission on SED's part) ; Mr. and Mrs. B

on behalf of C.B. v. Board of Education of the Syosset School District, 1998 U.S. Dist LEXIS

1536 at *11-12 (E.D.N.Y. 1998)(IDEA claim against SED dismissed where plaintiffs failed to

allege any act or omission on SED's part that contravened disabled student's right to free and

appropriate education under IDEA).

Plaintiffs make no allegations whatever about the State Defendants. They do not suggest

any wrongdoing by, or seek any relief from, the State Defendants. Their claims, if any, are

directed solely to the DOE Defendants, and an order directed to the DOE Defendants, if

warranted, will give complete relief. Moreover, the State Defendants, in fact, have nothing to do

with the local decisions about which plaintiffs complain. See p. 5, supra. Under those

circumstances, no injunction should issue against the State Defendants, nor should the State

10

Defendants be parties.

**POINT III**

**THE IDEA PENDENCY PROVISIONS DO NOT
AFFORD ANY RIGHTS TO PLAINTIFF**

Plaintiffs cite the "pendency" provisions of the IDEA, 20 U.S.C. § 1415(j), in support of

their claim that they are entitled to an automatic status quo injunction, presumably one keeping

the children now at the various Liebovits entities in their current placement. (Pl. Brf., pp. 6-7)

One need examine nothing beyond the language of the statute and the cases plaintiffs rely upon

to show that they cannot invoke the stay-put provision.

The statute provides in relevant part: "during the pendency of *any proceedings conducted*

*pursuant to this section, unless the State or local educational agency and the parents otherwise*

*agree*, the child shall remain in the then-current educational placement . . . until all such

proceedings have been completed." 20 U.S.C. § 1415(j)(emphasis added). Because, as

demonstrated in Point I, supra, plaintiffs lack standing to bring "any proceedings conducted

pursuant to" 20 U.S.C. § 1415, the pendency provision gives them no rights they can assert. It

can apply only when properly invoked, by a disabled child or a parent. Every case plaintiffs cite

in their brief involves exactly that situation, and the State Defendants have not found any other

type of case in which the pendency provision was invoked.

Furthermore, the language of the statute provides that a placement must be maintained

"unless the State or local educational agency and the parents otherwise agree." See Zvi D. v.

Ambach, 694 F.2d 904, 906 (2d Cir. 1982)("implicit in the maintenance of the status quo is the

requirement that a school district continue to finance an educational placement *made by the*

11

*agency and consented to by the parent*")(emphasis added). Service providers, like plaintiffs, are

given no say in the matter. Therefore, they cannot invoke the pendency provision.

## CONCLUSION

For the reasons given, the application for a preliminary injunction should be denied

insofar as it concerns the State Defendants.

Dated: New York, New York
     January 17, 2008

                                 Respectfully submitted,

                                 ANDREW M. CUOMO
                                 Attorney General of the
                                 State of New York
                                 Attorney for the State Defendants
                                 By:

                                 CLEMENT J. COLUCCI
                                 Assistant Attorney General
                                 120 Broadway
                                 New York, New York 10271
                                 (212) 416-8634

# APPENDIX

JAN-15-2002  10:48        HON. BARBARA S. JONES                      212 805 5191   P.02/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
PATRICIO R. MAMOT,                        :
                                          :
                           Plaintiff,     :   01 Civ. 0205 (BSJ)
                                          :
                    v.                    :   **ORDER**
                                          :
NEW YORK STATE BOARD OF REGENTS,          :
NEW YORK STATE EDUCATION DEPARTMENT,      :
THE UNIVERSITY OF THE STATE OF            :
NEW YORK and NEW YORK STATE               :
DEPARTMENT OF HEALTH                      :
                                          :
                         Defendants.      :
----------------------------------------X
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Patricio Mamot filed this action, pursuant to § 42

U.S.C. § 1983,[1] alleging that by preventing him from practicing

his profession of providing speech therapy to children,

Defendants violated his due process and equal protection rights.[2]

---

[1]Although Plaintiff does not allege a specific basis for
federal jurisdiction in his Complaint, this court construes
Plaintiff's claims as being brought pursuant to 42 U.S.C. § 1983.
Defendants likewise have construed Plaintiff's claims as brought
under section 1983, and Plaintiff has not contested this
interpretation.

[2]The above-captioned action is the second of three federal
actions filed by Plaintiff following an unsuccessful Article 78
proceeding in New York Supreme Court, Albany County, concerning
Plaintiff's practice of speech pathology in New York State.   On
September 6, 2000, Plaintiff filed a lawsuit in the Eastern
District of New York, 00 Civ. 5337.  That action was dismissed on
the grounds that it was barred by both the Eleventh Amendment and
the applicable statute of limitations.  Mamot v. Board of Regents
et al., 2001 WL 868287 (S.D.N.Y. July 25, 2001) ("Mamot I").   The
third action, 00 Civ. 643 ("Mamot III"), was filed on January 26,
2001 and, by separate Order dated January 15, 2001, has been
dismissed by this court.

1

In his Complaint, Plaintiff alleges that the "Clarification of
the Use of Teacher of the Speech and Hearing Handicapped," issued
by the State Education Department in November 1995, is being
applied retroactively to govern Plaintiff's behavior, and that
such application violates his constitutional rights.  See
Complaint ¶¶ 11-13 & Ex. G.  Currently before the court is
Defendants' motion to dismiss Plaintiff's Complaint, pursuant to
Rules 12(b)(1), (3) and (6) of the Federal Rules of Civil
Procedure and 28 U.S.C. § 1406(a).  For the reasons stated below,
Defendants' motion is granted.

### Background

Plaintiff is a Filipino-American with a masters degree in
speech pathology and audiology.  Compl. ¶ 1.  From January 1968
to July 1986, Plaintiff worked full time as a speech pathologist
at the Wishard Memorial Hospital in Indiana.  Id. ¶¶ 2, 4.  Since
his arrival in New York in early 1986, Plaintiff has been
providing speech therapy to school children both in a school
setting and at their homes.  Id. ¶ 8.  Plaintiff operates as an
independent provider; that is, he did not work for the schools
directly.

On September 1, 1993, the University of the State of New
York, through the State Education Department ("SED"), issued to
Plaintiff a Teacher of Speech and Hearing Handicapped Certificate
("TSHHC").  Id. ¶ 9.  Two years later, in November of 1995, the

2

State Education Department issued a memorandum entitled
"Clarification of the Use of Teachers of the Speech and Hearing
Handicapped" (hereinafter, "Clarification"). Id. ¶ 11.
According to Plaintiff, this Clarification constitutes a "new
rule" that is being retroactively applied by Defendants to
prevent Plaintiff from pursuing his chosen profession. Id. ¶¶
13-15. As a result of this unconstitutional application,
Plaintiff alleges that he was terminated from his position at
Therapists on Call's Early Intervention Program. Id. ¶¶ 16-17 &
Exs. H, I. In the termination letter, dated January 8, 2001,
Therapists on Call Executive Director Salah Mohamed states:

> "According to the State of New York, Department of
> Health and New York City Early Intervention Program,
> only Therapists that have satisfied the requirements as
> Qualified Personnel may provide services in New York
> City Early Intervention Program. . . .After careful
> review of your file against the requirements set by New
> York State Department of Education, Department of
> Health, and the New York City Early Intervention
> Program, you do not satisfy the requirements as a
> Qualified Personnel."

Id. Salah also refers to a letter, dated January 5, 2001, from
the Department of Mental Health, Mental Retardation and
Alcoholism Services, Early Intervention Program, which "clearly
stat[es] that [Plaintiff is] not a NYS Licensed Speech
Pathologist and therefore may not provide services in Early
Intervention." Id. On January 10, 2001, Plaintiff filed this
action.

### Discussion

3

In support of their motion to dismiss Plaintiff's 1983
claims, Defendants argue that Plaintiff's action is barred by the
Eleventh Amendment to the United States Constitution.  The
Eleventh Amendment bars federal suits against the State of New
York absent unequivocal waiver of immunity by the State or
congressional legislation that specifically overrides immunity.
See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-
100 (1984).  When applicable, Eleventh Amendment immunity extends
to states, as well as to their agencies.  See also United States
v. City of Yonkers, 96 F.3d 600, 619 (2d Cir. 1996) (State
Education Department and Board of Regents entitled to Eleventh
Amendment immunity as state agencies); Dube v. State Univ. of New
York, 900 F.2d 587, 594 (2d Cir. 1990) (University of the State
of New York entitled to Eleventh Amendment immunity); Figueras v.
Walker, 1996 U.S. Dist. LEXIS 2098, *3-*4 (N.D.N.Y. February 15,
1996) (New York State Department of Health entitled to Eleventh
Amendment immunity).

The State of New York has not consented to suit under
section 1983 in federal court, and does not consent to this suit
against its agencies.  See Trotman v. Palisades Interstate Park
Commission, 557 F.2d 35, 38-40 (2d Cir. 1977).  Nor did Congress
intend the provisions of section 1983 to override a state's
sovereign immunity.  See Quern v. Jordan, 440 U.S. 332, 340-42
(1979).  Accordingly, Plaintiff's Complaint must be dismissed as

4

Case 1:08-cv-00168-BSJ   Document 11   Filed 01/17/2008   Page 19 of 21

JAN-15-2002  10:49        HON. BARBARA S. JONES                   212 805 6191   P.06/08       .

barred by the Eleventh Amendment. See Mamot v. Board of Regents
et al., 2001 WL 866287 (S.D.N.Y. July 25, 2001) ("Mamot I")
(reaching the same result in Mamot's Eastern District of New York
action).

Even if Plaintiff's section 1983 claims were not barred by
the Eleventh Amendment, however, Plaintiff would not be able to
pursue these claims because they are time-barred. The statute of
limitations for a section 1983 claim in federal court in New York
is three years. See Soto v. Brooklyn Corr. Facility, 80 F.3d 34,
35 (2d Cir. 1996). A claim accrues when a plaintiff knew or had
reason to know of the injury that serves as the basis of his
claim. See Mamot I, 2001 WL 868287, *2 (citing Harris v. City of
New York, 186 F.3d 243, 247 (2d Cir. 1999)). The only indication
in Plaintiff's Complaint as to when he became aware of the
asserted injury occurs in Paragraphs 16-17, in which Plaintiff
discusses his January 8, 2001 termination by Therapists on Call.
Plaintiff's complaint in Mamot I, however, alleges that as a
result of the Clarification, "starting September 1, 1997,
PLAINTIFF was deprived - and still being deprived up to the
present of his (PLAINTIFF) job as an independent Speech Therapist
with the New York City Board of Education." See Klekman
Declaration, Ex. 1, ¶ 15(d) (emphasis added). Taking judicial
notice of Plaintiff's Complaint in Mamot I, this court finds that
Plaintiff knew of the injury that serves as the basis for his

5

Complaint in this action at least as far back as September 1,
1997, such that his section 1983 claims are time-barred. <u>See</u>
<u>Rothman v. Gregor</u>, 220 F.3d 81, 92 (2d Cir. 2000) (a court may
take judicial notice of pleadings in other lawsuits when deciding
a motion to dismiss).

In addition to his section 1983 claims, Plaintiff also
appears to asserts claims under the Individuals with Disabilities
Act ("IDEA"), 20 U.S.C. § 1400 <u>et seq</u>. The IDEA was enacted "to
ensure that all children with disabilities have available to them
a free appropriate public education that emphasizes special
education and related services. . . ." 20 U.S.C. §1400(d)(1)(A).
Here, Plaintiff alleges that, insofar as he is prevented from
exercising his profession as a speech pathologist, children are
unjustly being deprived of his professional services in violation
of the IDEA. <u>Compl</u>. ¶ 7. Because Plaintiff lacks standing to
bring a claim under the IDEA on behalf of third party children,
however, this claim, too, must be dismissed. <u>See, e.g.</u>, IDEA, 20
U.S.C. §§ 1400(d)(1)(B) (IDEA enacted "to ensure that the right
of children with disabilities and parents of such children are
protected"), 1415(a) (requiring states to establish procedures
"to ensure that <u>children with disabilities and their parents</u> are
guaranteed procedural safeguards with respect to the provision of
free appropriate public education") (emphasis added); <u>Chirstopher</u>
<u>P. v. Marcus</u>, 915 F.2d 794, 804 (2d Cir. 1990) (declaratory

6

relief denied under predecessor to IDEA where Plaintiff was
seeking to adjudicate rights of third party students not before
the Court).  See also Raines v. Byrd, 521 U.S. 811, 818 (1997)
("The standing inquiry focuses on whether the plaintiff is the
proper party to bring this suit. . .").[3]

## Conclusion

For the reasons stated above, Defendants' motion to dismiss
Plaintiff's Complaint is GRANTED.  Plaintiff's request for
permission to file a motion for summary judgement is DENIED as
moot.  The Clerk of Court is ORDERED to close this case.

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          January 15, 2002

---

[3]In light of this court's disposition of Defendants' motion,
the court need not reach Defendants' other arguments.

7